IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ALI RASUL | § | |
| VS. | § | CIVIL ACTION NO. 1:09-CV-928 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION

Plaintiff Ali Rasul, a prisoner[1] at the Federal Correctional Institution in Beaumont, Texas, proceeding *pro se*, filed this "Motion for Order Permitting Prisoner to Attend Private Viewing of Deceased Relative." Plaintiff alleges that his mother passed away on October 21, 2009, and he requests permission to attend a private viewing at the funeral home.

Discussion

A district court does not have the authority to order a prisoner's release for the purpose of attending a funeral or private viewing. *See McMullen v. Hambrick*, 1 F.3d 1241, 1993 WL 302197 (6th Cir. Aug. 6, 1993) (unpublished). Congress has vested the Bureau of Prisons with discretion to determine whether such a release is appropriate. The relevant statute provides, in part:

> The Bureau of Prisons may release a prisoner from the place of his imprisonment for a limited period if such release appears to be consistent with the purpose for which the sentence was imposed and any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2), if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him, by authorizing him, under prescribed conditions, to--

---

[1] Plaintiff incorrectly asserts that he is a pre-trial detainee. In fact, he was convicted of federal offenses and is serving concurrent sentences imposed by the Southern District of Texas in cause numbers 4:07-CR-36(7) and 4:08-CR-30(1). The website maintained by the Bureau of Prisons reflects that plaintiff's projected release date is October 31, 2010.

(a) visit a designated place for a period not to exceed thirty days, and then return to the same or another facility, for the purpose of . . .

(2) attending a funeral of a relative . . .

18 U.S.C. § 3622(a)(2). In turn, the Bureau of Prisons has delegated the authority to approve such furloughs to the Warden or Acting Warden of the institution where the prisoner is confined. 28 C.F.R. § 570.32(a)(1).

Because the matter is entirely within the discretion of the Bureau of Prisons, a prisoner does not have a constitutionally-protected right to release for a funeral. Therefore, this court lacks the authority to grant plaintiff a temporary release.

## Conclusion

This civil action should be dismissed. A final judgment shall be entered in accordance with this Memorandum Opinion.

**SIGNED** this the **30** day of **October, 2009.**

_____
Thad Heartfield
United States District Judge